UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Confectionery Arts International, LLC,           )<br>                                                                    )<br>        Plaintiff/Counter-Claim Defendant    )<br>                                                                    )<br>            v.                                                      )<br>                                                                    )<br> Sunflower Sugar Art USA, Inc., and John Does )<br>1-10                                                            )<br>                                                                    )<br>        Defendants/Counter-Claim Plaintiffs    )         | Civil Action No. 17-cv-00108 (AVC)<br><br><br><br>August 9, 2017 |

**PLAINTIFF'S ANSWER TO DEFENDANT
SUNFLOWER SUGAR ART USA, INC.'S COUNTERCLAIMS**

Confectionery Arts International, LLC ("Plaintiff") answers the allegations stated in Defendant Sunflower Sugar Art's counterclaim, filed on July 19, 2017, as follows:

1.      Paragraph 96 is a description of the legal claims brought by Sunflower Sugar Art USA, Inc. ("Defendant"). To the extent that a response is required, the allegations in Paragraph 96 are denied.

2.      Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in the first Paragraph 97 and therefore denies the same and leaves Defendant to its proofs.

3.      Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in the first Paragraph 99 and therefore denies the same and leaves Defendant to its proofs. [1]

4.      Plaintiff is without sufficient information or knowledge to form a belief as to the truth of

---

[1] Plaintiff notes that the paragraphs in Defendant's Answer are numbered incorrectly.  Paragraph 97 is followed by paragraphs 99, 98, 97, 98 and 99 respectively.  Plaintiff refers to any repeated number paragraphs as "the first Paragraph [number]" and "the second Paragraph [number]" in its response.

the allegations asserted in the first Paragraph 98 and therefore denies the same and leaves Defendant to its proofs.

5.     The allegation asserted in the second Paragraph 97 is denied.

6.     Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in the second Paragraph 98 and therefore denies the same and leaves Defendant to its proofs.

7.     Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in the second Paragraph 99 and therefore denies the same and leaves Defendant to its proofs.

8.     The allegation asserted in Paragraph 100 is denied.

9.     Plaintiff is without sufficient information or knowledge to form a belief as to truth of the allegation that the cookbook referenced in Paragraph 101 refers to Plaintiff's trademark "generically," or at all, and therefore denies the same and leaves Defendant to its proofs. The allegation that "many cookbooks refer to disco dust generically" is denied.

10.    Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 102 and therefore denies the same and leaves Defendant to its proofs. To the extent that this allegation infers that Plaintiff's mark is being used generically, this allegation is denied.

11.    Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 103 and therefore denies the same and leaves Defendant to its proofs. To the extent that this allegation infers that Plaintiff's mark is being used generically, this allegation is denied.

12.    Plaintiff is without sufficient information or knowledge to form a belief as to the truth of

the allegations asserted in Paragraph 104 and therefore denies the same and leaves Defendant to its proofs. To the extent that this allegation infers that Plaintiff's mark is being used generically, this allegation is denied.

13. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 104 and therefore denies the same and leaves Defendant to its proofs. To the extent that this allegation infers that Plaintiff's mark is being used generically, this allegation is denied.

14. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 104 and therefore denies the same and leaves Defendant to its proofs. To the extent that this allegation infers that Plaintiff's mark is being used generically, this allegation is denied.

### Defendant's First Claim – Declaratory Judgment of Non-infringement

15. Plaintiff's answers above are incorporated herein by reference.

16. The allegation asserted in Paragraph 107 is denied.

17. The allegation asserted in Paragraph 108 is denied.

### Defendant's Second Claim – Florida Common Law Trademark Infringement

18. Plaintiff's answers stated in paragraphs 1 through 17 above are incorporated herein by reference.

19. The allegation asserted in Paragraph 110 is denied.

20. The allegation asserted in Paragraph 111 is denied.

21. Plaintiff admits that it used and currently uses the mark "DISCO DUST" as a source of origin for its product. Since Plaintiff, not Defendant, was the first to use, and has continuously used, the DISCO DUST mark in commerce, the allegations asserted in Paragraph 112 are denied.

22.     The allegations asserted in Paragraph 113 are denied.

23.     The allegations asserted in Paragraph 114 are denied.

### Defendant's Third Claim – Florida Common Law Unfair Competition

24.     Plaintiff's answers stated in Paragraphs 1 through 23 above are incorporated herein by reference. Plaintiff further notes that the allegations in Paragraphs 96 through 114 of Defendant's Counterclaim are not incorporated by reference into the allegations contained in Defendant's Third Claim.

25.     The allegations asserted in Paragraph 115 are denied.

26.     Plaintiff admits that it used and currently uses the mark "DISCO DUST" as a source of origin for its product. Since Plaintiff, not Defendant, was the first to use, and has continuously used, the DISCO DUST mark in commerce, the allegations asserted in Paragraph 116 are denied.

27.     The allegations asserted in Paragraph 117 are denied.

28.     The allegations asserted in Paragraph 118 are denied.

### Defendant's Fourth Claim – False Designation of Origin and Unfair Competition

29.     Plaintiff's answers stated in Paragraphs 1 through 28 above are incorporated herein by reference.

30.     The allegation asserted in Paragraph 120 is denied.

31.     The allegation asserted in Paragraph 121 is denied.

32.     The allegations asserted in Paragraph 122 are denied.

33.     The allegations asserted in Paragraph 123 are denied.

34.     The allegations asserted in Paragraph 124 are denied.

### AFFIRMATIVE DEFENSES

1.      Plaintiff has used the DISCO DUST mark for over seventeen (17) years in connection

with the manufacture, production and sale of decorative glitter, candy decorations for cakes, edible cake decorations, and candy sprinkles.

2.      Given that Defendant cannot prove use before May 1, 1999, Defendant's claims for Florida common law trademark infringement, Florida common law unfair competition and Lanham Act false designation of origin and unfair competition, respectively, fail due to Plaintiff's priority of use.

3.      Further, and in the alternative, Plaintiff has registered its DISCO DUST trademark with the United States Patent & Trademark Office on January 24, 2012 under Registration No. 4,089,733. Plaintiff has made continuous, uninterrupted and nationwide use of the DISCO DUST mark.

4.      For the entire duration of Plaintiff's use of the DISCO DUST mark up to at least January 2017, Defendant did not formally object to Plaintiff's use of the DISCO DUST mark based on priority of use or any other assertion of ownership of the mark.

5.      Indeed, Defendant did not act against Plaintiff's use and registration of Plaintiff's mark until January 2017.

6.      Since at least the time of Plaintiff's federal registration of the DISCO DUST mark in its name, Defendant has been under constructive notice of Plaintiff's claim of ownership over the DISCO DUST mark. However, as stated above, Defendant took no action to assert its purported claim of ownership over the mark. As such, there has been a five-year delay, at least, in Defendant's assertion of its claims.

7.      Defendant's delay in asserting both its purported claim of ownership of the DISCO DUST mark and its claims for infringement and unfair competition under Florida law and the Lanham Act are both unreasonable and inexcusable. Indeed, Defendant has not asserted any

reason or excuse for the delay in its counterclaim as filed with this Court.

8. Defendant's delay in asserting its purported ownership rights and claims against Plaintiff have significantly prejudiced Plaintiff, given Plaintiff's longstanding use of the DISCO DUST mark, the high volume of sales Plaintiff has made of its trademarked products, and the high degree of consumer goodwill Plaintiff has developed in the DISCO DUST mark.

9. Thus, Defendant's claims for Florida common law trademark infringement, Florida and Lanham Act unfair competition, respectively, are barred by the doctrine of acquiescence.

10. Further, under Florida Law, the statute of limitations period for claims sounding in trademark unfair competition is four years, for both federal and state unfair competition claims. *See*, Fla. Stat. § 95.11(3)(f) (providing a four year statute of limitations for "[a]n action founded upon a statutory liability"); *Ambrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1546, fn. 79 (citing Florida statute ); *See also, Southern Grouts & Mortars, Inc. v. 3M Co.*, No. 07-61388, 2008 U.S. Dist. LEXIS 70222, at *8-9 (S.D. Fla. Sep. 17, 2008).

11. Defendant's Florida common law trademark infringement, Florida unfair competition law and Lanham Act unfair competition and false designation of origin claims, respectively, were filed after the applicable statute of limitations, Fla. Stat. § 95.11(3)(f), had run. Plaintiff's claims are, therefore, time barred.

12. In the alternative, due to Defendant's unreasonable, unexcused and prejudicial delay in asserting its purported ownership rights over the mark, Defendant's Florida common law trademark infringement, Florida common law unfair competition and Lanham Act claims, respectively, are barred by the doctrine of laches.

**WHEREFORE,** Plaintiff prays that this Court enter judgment in its favor and that Defendant's counterclaims be dismissed with prejudice.

DATED: August 9, 2017

        Respectfully Submitted,

        /s/Daniel R. Cooper
        Daniel R. Cooper,  Bar No. ct30240
        Cooper & Kurz
        170 Eden Road
        Stamford, CT 06907
        Tel. 203-322-4852
        Fax. 203-329-7881
        kurzcooper@att.net
        *Attorney for Plaintiff/Counterclaim Defendant Confectionery Arts International, LLC*

        Nike V. Agman,  Bar No. ct28172
        Law Office of Nike V. Agman
        360 Bloomfield Avenue, Suite 301
        Windsor, CT 06095
        Tel: (860) 607-3237
        Fax. (860) 607-3201
        nike.agman@comcast.net
        *Attorney for Plaintiff/Counterclaim Defendant Confectionery Arts International, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 9, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail and e-mail to Brian Lehman, attorney for Defendant Sunflower Sugar Art USA, Inc., as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/Daniel R. Cooper
                                            Daniel R. Cooper, Bar No. ct 30240

Served by mail and e-mail to:

Brian Lehman, Esq.
Lehman Law Group
Lehman LG LLC
244 5th Avenue, Suite B258
New York, NY 10001
Tel. 724-453-4626
brian@lehmanlawgroup.com