UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Confectionery Arts International, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:17-cv-00108 (AVC) |
| Sunflower Sugar Art USA, Inc., and John Does 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff Confectionery Arts International, LLC ("CAI") hereby moves for leave to amend its Complaint dated January 25, 2017 per Fed. R. Civ. P. 15(a)(2). The grounds for this motion are set forth in the attached Memorandum of Law and the Proposed Amended Complaint is attached as Exhibit A.

After filing its Complaint on January 25, 2017, and after Defendant's Answer thereto on July 19, 2017, Plaintiff CAI has become aware of facts new to it, which lead it to seek leave before this court to amend its Complaint. These new facts, summarized below, form the basis for the majority of the amendments Plaintiff has made to its Complaint.

The amendments primarily seek to add a new "Count IX" alleging a direct violation of Connecticut General Statutes Section 35-1(a) which prohibits the conduct or transaction of business in Connecticut "under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business…" The amendments make clear that, unbeknownst to Plaintiff for months after Plaintiff filed its original Complaint, Defendant created a "dummy corporation" with the Office of the Secretary of State of Connecticut on January 25, 2017, which it called

"Confection**a**ry Arts International, LLC." Defendant created this dummy corporation in the hope that it would capitalize on an unintentional typographical error in the name of the owner of U.S. Trademark Registration No. 4,089,733 (that is, Plaintiff Confection**e**ry Arts International, LLC).

Defendant registered this dummy corporation for the sole purposes of making a false claim of ownership over Trademark Registration No. 4,089,733 and intending to deceive and confuse both consumers and the United States Patent and Trademark Office. Indeed, the existence of the dummy corporation has already confused at least one government agency as to the transaction of business in this state, the Connecticut Department of Energy & Environmental Protection, which unintentionally alerted Plaintiff to the existence of the dummy corporation in August 2017.

Additionally, in the process of attempting to capitalize on the misspelling of the name of the owner in Trademark Registration No. 4,089,733, Defendant has infringed Plaintiff's house mark, CONFECTIONERY ARTS INTERNATIONAL®, which is federally registered under Trademark Registration No. 4,263,560. Given the surreptitious and deceptive nature of Defendant registering its dummy corporation, Plaintiff did not have any knowledge of Defendant's infringement of Plaintiff's house mark at the time of the original complaint, and must amend its complaint to be able to assert these late-discovered facts as well.

In short, Plaintiff's Amended Complaint only seeks to add new facts that were not available to it at the time the original Complaint was filed, but were available to Defendant. The Court should allow Plaintiff to file its Amended Complaint because there has been no undue delay, defendants have not been prejudiced since proceedings in this matter are still at an early stage, and the amendments made would not be futile.

WHEREFORE, Plaintiff prays that its Motion for Leave to Amend its Complaint be

granted.

DATED: November 22, 2017                     Respectfully submitted,

CONFECTIONERY ARTS INTERNATIONAL, LLC

By: /s/ Nike V. Agman
Nike V. Agman, Bar No.  ct28172
Law Office of Nike V. Agman
360 Bloomfield Avenue, Suite 301
Windsor, CT 06095
Tel. 860-607-3237
Fax. 860 607-3201
nike.agman@comcast.net

Daniel R. Cooper, Bar No.  ct30240
Cooper & Kurz
170 Eden Road
Stamford, CT 06907
Tel. 203-322-4852
Fax. 203-329-7881
kurzcooper@att.net

*Attorneys for Plaintiff Confectionery
Arts International, LLC*

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Confectionery Arts International, LLC,     ) | |
|     ) | |
| Plaintiff     ) | |
|     ) | |
| v.     ) | Civil Action No. 3:17-cv-00108 (AVC) |
|     ) | |
| Sunflower Sugar Art USA, Inc., and John Does     ) | |
|     ) | |
| Defendant.     ) | |
|     ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff's motion to amend its complaint was raised neither before this court's deadline of March 26, 2017 (Order on Pretrial Deadlines, Doc. # 2, Jan. 25, 2017), nor before the end of the twenty-one day period after service under Fed. R. Civ. P 15(a)(1)(A), April 14, 2017. Plaintiff's motion, thus, is governed by Rule 15(a)(2). As Defendant Sunflower no longer consents to the amendment, Plaintiff CAI moves this court to obtain leave to do so.

**PROCEDURAL POSTURE**

The named parties in this action, Plaintiff CAI and Defendant Sunflower Sugar Art USA, Inc. ("Sunflower") are involved in two concurrent proceedings: this action in the District of Connecticut, brought by Plaintiff CAI, filed on January 25, 2017, and a Petition to Cancel CAI's registered trademark DISCO DUST® before the United States Trademark Trial and Appeal Board ("the Board" or "the TTAB") brought by Defendant Sunflower, filed on January 23, 2017.

A. Procedural Posture of District of Connecticut, No. 3:17-cv-00108(AVC)

In this court's original Order on Pretrial Deadlines, motions to dismiss were due on April 25, 2017, amended pleadings were due by March 26, 2017 and discovery was to be completed by

July 27, 2017. Plaintiff filed Defendant Sunflower's executed Waiver of Service under Fed. R. Civ. P. 4(d) on April 28, 2017, which service was sent on March 24, 2017, allowing Defendant until May 23, 2017 to serve its Answer.

Defendant Sunflower served its Answer on July 19, 2017, after Plaintiff gave notice on July 7, 2017 of its intent to request an Entry of Default for failure to plead or otherwise defend under Fed. R. Civ. P. 55(a). Plaintiff agreed not to oppose Defendant's filing for the purpose of efficiency and moving the case forward. In exchange, on July 26, 2017, Plaintiff CAI requested Defendant's consent to file an amended Complaint, which Defendant's counsel originally granted by email on July 26, 2017 at 4:57 p.m. On August 9, 2017, Plaintiff filed its Answer to Defendant Sunflower's counterclaims.

On November 20, 2017, in response to the first email from Defendant Sunflower since August 10, 2017, Plaintiff stated that it would be filing its Amended Complaint within the week. Defendant Sunflower responded that it no longer consented to the filing.

B. Procedural Posture of TTAB Cancellation No. 92065334

On January 23, 2017, Petitioner Sunflower filed a Petition to Cancel CAI's registered trademark, DISCO DUST®, Registration No. 4089733. The very first of Sunflower's grounds for cancellation was a non-ownership claim based on a typographical error in CAI's business name on the trademark application: "Confection**e**ry" had inadvertently been typed as "Confection**a**ry" by the prosecuting attorney.

On March 13, 2017, Respondent CAI filed its Answer and Motion to Dismiss the Petition to Cancel. Sunflower filed a late response to CAI's Motion to Dismiss with the Board on April 15, 2017. Over CAI's objection, the Board allowed the late filing of Sunflower's late response to the Motion to Dismiss on the primary grounds that proceedings were at an early stage and there

was no resulting prejudice to CAI.  However, the Board dismissed Sunflower's Petition to

Cancel with leave to amend on August 28, 2017. Sunflower filed its Amended Petition to Cancel

with the Board on September 27, 2017. Respondent CAI again moved to dismiss (and filed an

Answer) to the Amended Petition to Cancel ("the second Motion to Dismiss") on October 27,

2017. On November 15, 2017, Petitioner Sunflower filed its Response to Respondent's Motion

to Dismiss Amended Petition to Cancel. The second Motion to Dismiss is pending with the

Board.

## SUMMARY OF FACTS RELEVANT TO LEAVE TO AMEND

On July 19, 2017, the day that Defendant Sunflower filed its Answer in this action,

Plaintiff CAI received a Notice of Violation from the State of Connecticut Department of Energy

& Environmental Protection ("DEEP").  The notice was unexplainably addressed to CAI at a

Florida address, P.O. Box 700403, 8114 US Highway 1, Wabasso, FL 32790, Attn: Michael

Nugent.  CAI has never had a presence in the state of Florida, nor has anyone named Michael

Nugent ever been employed by or associated with CAI.  As Nugent is the surname of Defendant

Sunflower's principal, and Defendant has previously boasted about "report[ing Plaintiff] to the

FDA," Plaintiff filed a Freedom of Information Act request with DEEP on July 27, 2017

pursuant to Conn. Gen. Stat. § 1-210(a), to investigate the possibility that Defendant Sunflower

reported Plaintiff to DEEP, and that DEEP had inadvertently revealed the address of the

reporting party. *See* Proposed Amended Complaint, ¶¶ 36-38.

During the investigation with DEEP, it was determined that the Notice of Violation

originated from a tip to the U.S. Environmental Protection Agency ("EPA"), and as a result,

Plaintiff also filed a Freedom of Information Act request with EPA.  Plaintiff's request was

granted by the EPA on August 30, 2017, but provided little evidence as to the identity of the

3

complaining party because the tip was made anonymously through the EPA website.

Review of DEEP documents, also obtained via a state law Freedom of Information Act request, revealed that DEEP had itself mistakenly used the Florida address for CAI because, while searching Connecticut businesses through the Secretary of State's website, the agency had found a listing for Confection**a**ry Arts International, LLC, organized January 25, 2017, principal place of business 6001 Highway A1A, Indian River Shores, FL 32963, which is identical to Defendant Sunflower's principal place of business. *Id.*, ¶¶ 36, 39.

While Plaintiff was initially concerned that Defendant was making false reports to administrative agencies, DEEP's Notice of Violation instead inadvertently revealed Defendant's unfair trade practice.  Sunflower formed and registered a corporation in Connecticut under the name of "Confection**a**ry Arts International, LLC" two days after it had filed a cancellation action in the United States Patent and Trademark Office based in part on its now-abandoned claim of non-ownership of U.S. Trademark Registration No. 4,089,733. *See* Proposed Amended Complaint, ¶¶ 99-100.

Not only was Plaintiff unaware of the existence of Defendant's dummy corporation prior to this investigation, it is likely that without DEEP's inadvertent misidentification, this unfair trade practice would not have been uncovered.

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(1)(A), a party "may amend its pleading once as a matter of course within … 21 days after serving it."  Under all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id; Foman v. Davis*, 371 U.S. 178, 182 (1962).

4

According to the Second Circuit, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citations omitted). However, "mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Teachers Retirement Bd. v. Fluor Corp.*, 854 F.2d 843, 856 (2d. Cir. 1981); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). As such, absent any showing of undue prejudice, bad faith, or undue delay, Plaintiff's motion for leave to amend should be granted.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* (citing *Foman* at 182).

## ARGUMENT

### 1. **Plaintiff's proposed amended complaint is not futile.**

A proposed pleading is futile if it is legally insufficient. Thus it has been held that an "amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Following

5

*Iqbal*, the Second Circuit has embraced the concept of a complaint being legally sufficient if it is plausible." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 U.S. Dist. LEXIS 13716, *10 (D. Conn. Feb. 1, 2013); *see, e.g. Absolute Activist Value Master Fund, Ltd. v. Ficeto*, 672 F.3d 143, 148 (2d Cir. 2012) ("To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

This is an action generally for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501, et. seq., and unfair trade practices pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq., and/or Connecticut common law, tortious interference with business relations, and business disparagement (trade libel) under Connecticut common law.  CAI's new claims arise out of Defendant's infringement of CAI's registered trademark for DISCO DUST® and its registered trademark for its company name, CONFECTIONERY ARTS INTERNATIONAL®, respectively, and Defendant's unscrupulous and immoral business practices intended to deceive third parties as to the provenance of both the DISCO DUST® trademark registration and Plaintiff's house mark, CONFECTIONERY ARTS INTERNATIONAL®.  Since Plaintiff's new claims relate to well-established areas of both federal and state law, it is undeniable that Plaintiff's new claims are both well pled and not futile. The Proposed Amended Complaint, therefore, cannot be rejected on grounds of futility.

**2. Plaintiff's proposed amended complaint will not cause undue delay or prejudice to Defendant.**

"Mere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation and internal quotation marks omitted).  Undue prejudice arises "where an amendment [comes] on the eve of trial and would result in new problems of proof." *Travelers*

6

*Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 U.S. Dist. LEXIS 13716, *8 (D. Conn. Feb. 1, 2013) (finding timely a motion to amend based on information ascertained during deposition because trial was neither scheduled nor imminent) citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of leave to amend promptly sought after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery.").

Even though Plaintiff's amended complaint comes after court-directed deadlines, it will not cause undue delay to the proceedings.  This action is in its early stages and formal discovery has not yet begun in either the District of Connecticut action or the TTAB proceeding. Moreover, as has previously been explained, the new claims Plaintiff seeks to assert relate to factual matter that has only recently come to Plaintiff's attention and of which it could not have had any notice at the time of filing the original Complaint. This factual matter required significant investigation on Plaintiff's part and Plaintiff needed time to ascertain the truth of the new allegations made insofar as it could do so. There has, therefore, been no undue delay in Plaintiff's seeking to amend its complaint at this juncture.

### 3.  Plaintiff's amended pleading is made in good faith.

As shown from the explanation for the reasons for the delay in amending above, Plaintiff's filing is made in good faith and only after a reasonable time which it needed to investigate the factual allegations it now includes in its Complaint. In fact, any cause to doubt good faith in the course of the District Court and Board proceedings should be laid at the feet of Defendants through their unscrupulous attempt to create a legal issue out of the ownership of Plaintiff's DISCO DUST® mark via its registering a dummy corporation in the State of

Connecticut within days of its filing its Petition to Cancel with the Board.

Indeed, since the outset of these proceedings, Plaintiff has been exceedingly patient with Defendant Sunflower's unexplained delays in both the District of Connecticut and the TTAB. Sunflower filed its Answer and Counterclaim nearly four months after Waiver of Service was executed by it, and over two months after the deadline for filing its Answer had expired, and only filed the same after counsel for Plaintiff brought the delay to the attention of Sunflower's counsel. Plaintiff made no objection to the two month post-deadline delay in filing of Sunflower's Answer and Counterclaim, and filed its Answer to Sunflower's counterclaim in a timely fashion. Sunflower has also delayed proceedings in the TTAB via its late filing of the response to CAI's motion to dismiss its Petition to Cancel, resulting in increased time and effort Plaintiff had to expend in seeking to ascertain the reasons for the delay.

In both this action and in the action before the Board, Sunflower has either not explained the reasons for the delay or given vague and unproven excuses for the same. Plaintiff, on the other hand, has adequately, and in good faith, explained the reasons why it seeks leave to amend its complaint now. The granting of such leave would not prejudice Defendant Sunflower and, therefore, Plaintiff's motion for leave to amend its complaint should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant it leave to file the attached Proposed Amended Complaint.

DATED: November 22, 2017                    Respectfully submitted,

                                            CONFECTIONERY ARTS INTERNATIONAL LLC

                                            By: __/s/ Nike V. Agman
                                            Nike V. Agman, Bar No.  ct28172
                                            Law Office of Nike V. Agman
                                            360 Bloomfield Avenue, Suite 301

8

Windsor, CT 06095
Tel. 860-607-3237
Fax. 860 607-3201
nike.agman@comcast.net


Daniel R. Cooper, Bar No.  ct30240
Cooper & Kurz
170 Eden Road
Stamford, CT 06907
Tel. 203-322-4852
Fax. 203-329-7881
kurzcooper@att.net

*Attorneys for Plaintiff Confectionery
Arts International, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail to Brian Lehman, attorney for Defendant Sunflower Sugar Art USA, Inc., as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Nike V. Agman
Nike V. Agman, Bar No.  ct28172

Served by e-mail to:

Brian Lehman
Lehman Law Group
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
brian@lehmanlawgroup.com
*Attorney for*
*Sunflower Sugar Art USA, Inc.*