UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Confectionery Arts International, LLC, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Civil Action No. 3:17-cv-00108 (AVC) |
| Sunflower Sugar Art USA, Inc. | ) ) |
| Defendant. | ) ) |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Confectionery Arts International, LLC ("CAI") brings this action against defendants Sunflower Sugar Art USA, Inc. ("SUNFLOWER"), and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1501, et. seq., unfair trade practices pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq., and/or Connecticut common law, tortious interference with business relations and business disparagement (trade libel) under Connecticut common law.

2. CAI's claims arise out of Defendants' infringement of CAI's registered trademark for DISCO DUST® and its registered trademark for its company name, CONFECTIONERY ARTS INTERNATIONAL®.

## THE PARTIES

3. Plaintiff CAI is a Connecticut limited liability company with a place of business at 332 Washington Street, New Britain, CT 06051.

4. Defendant SUNFLOWER is a Florida corporation with a principal place of business at 6001 Highway A1A, Indian River Shores, FL 32963.

5. Plaintiff CAI and Defendant SUNFLOWER are competitors in the cake and confectionery decorating industry.

## JURISDICTION AND VENUE

6. Jurisdiction exists pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7. This suit is based on a federal question and statute, namely 15 U.S.C. § 1051 et. seq.

8. In addition, jurisdiction under 28 U.S.C. § 1332 exists because the parties have diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. Supplemental jurisdiction over the causes of action under state law is proper pursuant to 28 U.S.C. § 1367, as they are so related to those causes of action over which the court has original jurisdiction that they form part of the same case or controversy.

10. The exercise of personal jurisdiction by this Court over Defendant SUNFLOWER is proper under Connecticut's Long-Arm Statute, Conn. Gen. Stat. § 33-929(f)(3), because the causes of action defined herein arise out of SUNFLOWER's production, manufacture or distribution of goods with the reasonable expectation that such goods were to be used or consumed in this state and were so used or consumed.

11. Defendant SUNFLOWER's unauthorized use in commerce of the mark DISCO DUST on goods produced, manufactured and distributed by it has caused injury to CAI, a Connecticut citizen, and owner of the federally registered mark DISCO DUST®.

12. Defendant SUNFLOWER, as a wholesaler and retailer which advertises and sells its products through multiple online retail venues, including at least its website, www.sunflowersugarart.com, amazon.com and EBay, should have reasonable expectation that its goods are to be used and consumed in Connecticut.

13. Upon information and belief, SUNFLOWER has, without CAI's authority, used the name DISCO DUST in commerce on goods distributed to consumers in Connecticut.

14. Upon information and belief, SUNFLOWER regularly derives revenue from sales of products, including DISCO DUST, into Connecticut.

15. The exercise of personal jurisdiction by this Court over Defendant SUNFLOWER is also proper under Conn. Gen. Stat. § 33-929(f)(4) because of Defendant's continued tortious conduct within the state of Connecticut.

16. Upon information and belief, at least as early as January 2017, Defendant targeted CAI with the intent of "destroy[ing]" CAI's reputation."

17. Upon information and belief, at least as early as January 2017, Defendant approached CAI's customers telling them not to "buy cheap imitation Disco Dust by CAI" because CAI was "selling glitter that is made in CHINA and passing it off as a trademarked 'Disco Dust' product."

18. Defendant SUNFLOWER, after arguing before the Trademark Trial and Appeal Board in its Petition to Cancel No. 92065336 that CAI's DISCO DUST® mark was registered to "a legal non-entity that had no standing to conduct any business" because of a typographical error in the application, proceeded to set up a "dummy corporation" (i.e. a fictitious corporation) in Connecticut under the name "Confectionary Arts International LLC" to fraudulently take ownership of the CAI's mark.

19. Defendant SUNFLOWER availed itself of the laws of the State of Connecticut for the

purpose of setting up its dummy corporation.

20. Upon information and belief, Defendant SUNFLOWER used the name Confectionary Arts International LLC in commerce to fraudulently take ownership of the CAI's DISCO DUST® mark.

21. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within the jurisdiction of the District Court of Connecticut.

## THE DISCO DUST® MARK

22. Plaintiff CAI has for over eighteen (18) years been engaged in and continues to be engaged in the development, production, and sale of decorative glitter, candy decorations for cakes, edible cake decorations, and candy sprinkles under the brand name DISCO DUST. CAI has built a large and profitable business in connection therewith.

23. CAI is the owner of U.S. Trademark Registration No. 4,089,733 for the DISCO DUST® mark.  The DISCO DUST® registration is a valid and subsisting registration.  A copy of the Certificate of Registration for the DISCO DUST® mark is attached as Exhibit A.

24. CAI uses the DISCO DUST® mark as a designation of source and quality for its goods.

25. CAI uses the registration symbol ® on its website in connection with the advertising of products sold under the DISCO DUST® brand.

26. By virtue of CAI's extensive use in commerce of the DISCO DUST® brand in connection with its goods, such goods have become well and favorably known to the relevant trade and public under such marks.

## THE CONFECTIONERY ARTS INTERNATIONAL® (STYLIZED) MARK

27. CAI has for over twenty (20) years been developing, manufacturing, selling and distributing an array of confectionery products under its company brand CONFECTIONERY

ARTS INTERNATIONAL. CAI has built a large, profitable and nationwide business in connection therewith.

28. CAI is the owner of U.S. Trademark Registration No. 4,263,560 for its company name, CONFECTIONERY ARTS INTERNATIONAL ("the house mark" or "CAI's house mark"). The trademark registration for CAI's house mark is valid and subsisting. A copy of the Certificate of Registration for the house mark is attached at Exhibit B.

29. CAI uses the house mark as a designation of source and quality for its goods.

30. CAI's house mark has become well and favorably known to the consuming public as a result of CAI's extensive use of CAI's house mark in commerce. Through this use, CAI has accrued substantial consumer goodwill in CAI's house mark.

## SUNFLOWER'S WRONGFUL CONDUCT

31. Upon information and belief, defendant SUNFLOWER is advertising and selling decorative glitter, candy decorations for cakes, edible cake decorations, and candy sprinkles under the name DISCO DUST (the "Infringing Product"), which is confusingly similar to DISCO DUST®.

32. Upon information and belief, the only reason SUNFLOWER uses the name DISCO DUST is to further associate the Infringing Product with CAI's DISCO DUST® brand products.

33. The similarity or identity between the name DISCO DUST and DISCO DUST®, and the manner in which SUNFLOWER has chosen to package and advertise the Infringing Product is likely to cause confusion, mistake, and/or deceive purchasers, potential purchasers, and the relevant public and trade at the time of purchase, as well as post purchase as to the source or sponsorship or approval of the Infringing Product, and/or as to its affiliation with CAI, thereby causing harm to CAI's reputation and good will.

34. SUNFLOWER has designed and marketed the Infringing Product so as to reproduce, copy, counterfeit and/or colorably imitate Plaintiff's DISCO DUST® mark in a manner intended to cause purchasers, potential purchasers, and the relevant public to associate the Infringing Product with the DISCO DUST® brand products sold by CAI, thereby causing and continuing to cause dilution of the DISCO DUST® brand.

35. Upon information and belief, the Infringing Product and the DISCO DUST® products will be advertised and sold to an overlapping class of purchasers.

36. Upon information and belief, the sale of the Infringing Product by SUNFLOWER has diminished the value of the DISCO DUST® in the marketplace.

37. Upon information and belief, on January 25, 2017, Defendant SUNFLOWER organized a fictitious corporation, "Confectionary Arts International, LLC" in the State of Connecticut with a registered business address the same as SUNFLOWER's registered business address, 6001 Highway A1A, Indian River Shores, Florida 32963.

38. Although the dummy, i.e. fictitious, corporation "Confectionary Arts International" was registered by Defendant SUNFLOWER on January 25, 2017, Plaintiff was inadvertently alerted to the existence of this dummy corporation via a Notice of Violation it received from the Connecticut Department of Energy & Environmental Protection ("DEEP"), at Plaintiff's business address (not Defendant's address—which was also the address of record for the dummy corporation). The Notice of Violation sent by DEEP was dated July 19, 2017.

39. The Notice of Violation sent by DEEP was addressed to "Confectionary Arts International, LLC" and addressed specifically to "Michael Nugent, Member." Upon information and belief, Michael Nugent is a close relative of Defendant SUNFLOWER's principal, Ms. Pilar Gonzalez Nugent, and the registering of the dummy corporation in Mr. Nugent's name was done

at SUNFLOWER's direction.

40. Through several requests under both the state and federal Freedom of Information Acts to both DEEP and the U.S. Environmental Protection Agency, Plaintiff came to be aware of the existence of this dummy corporation by early September 2017. Plaintiff then alerted DEEP==the issuing agency of the Notice of Violation—that it had been confused and deceived as to Plaintiff's business by the existence of Defendant SUNFLOWER's dummy corporation, "Confectionary Arts International, LLC."

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

41. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

42. SUNFLOWER's infringing use by sale and advertising of the DISCO DUST® mark in the manner set forth above constitutes use in commerce of a direct reproduction, copy, and/or colorable imitation of a registered mark. Such use is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the DISCO DUST® brand and CAI or has the sponsorship or approval of CAI.

43. SUNFLOWER has willfully sought to trade on CAI's reputation and the reputation of the DISCO DUST® products.

44. CAI has placed SUNFLOWER on notice of its infringement and unlawful conduct at least as early as December 2016.  SUNFLOWER has failed to terminate its wrongful conduct.

45.  The foregoing acts of SUNFLOWER constitute willful and deliberate infringement of CAI federal registered trademark  in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

46. CAI has a substantial likelihood of success stemming from a demonstrably clear legal

right and SUNFLOWER's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

47. Pursuant to 15 U.S.C. § 1116(a) CAI is entitled to preliminary and permanent injunctive relief to prevent SUNFLOWER's continued use of the DISCO DUST mark in commerce.

48. Pursuant to 15 U.S.C. § 1117(a), CAI is entitled to damages, an accounting of profits made by SUNFLOWER's use, and recovery of CAI's costs of this action.

49. The intentional use of the confusingly similar DISCO DUST mark makes this an exceptional case entitling CAI to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

50. CAI is also entitled to prejudgment interest on its recovery.

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

51. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

52. By reason of CAI's continuous and exclusive use of the DISCO DUST® brand for years, the DISCO DUST® brand has acquired secondary meaning, and indicates to the consuming public that there is a single and well-known source of the DISCO DUST® brand products.

53. SUNFLOWER's infringing use of the DISCO DUST® mark on the Infringing Product in the manner set forth above is likely to cause confusion, deception, and mistake as to the origin, sponsorship and approval of Sunflower's products to the substantial detriment and damage of Plaintiff and Plaintiff's DISCO DUST® brand.

54. SUNFLOWER has willfully sought to trade on the reputation of the DISCO DUST® products and CAI and cause dilution of the DISCO DUST® brand by creating the false and misleading impression that the Infringing Product is associated or connected with the DISCO DUST® brand and CAI or have the sponsorship or approval of CAI.

55. CAI has placed SUNFLOWER on notice of its infringement and unlawful conduct at least as early as December 2016, but SUNFLOWER has failed to terminate its wrongful conduct.

56. The foregoing acts of SUNFLOWER constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and SUNFLOWER's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

58. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

59. SUNFLOWER's acts constitute trademark infringement under the common laws of the State of Connecticut.

60. SUNFLOWER's acts of trademark infringement entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by SUNFLOWER on its sales of Infringing Products in connection with which SUNFLOWER uses the DISCO DUST and DISCO DUST marks.

61. The acts of SUNFLOWER have been malicious and calculated to injure CAI. The willful, wanton and malicious nature of SUNFLOWER's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

62. SUNFLOWER's infringement of the DISCO DUST® mark is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

63. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

64. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and

permanent injunctive relieve to prevent SUNFLOWER's continuing trademark infringement.

## COUNT IV: COMMON LAW DILUTION OF A DISTINCTIVE MARK

65. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

66. The foregoing acts of SUNFLOWER caused dilution of the distinctive quality of the DISCO DUST® brand and are intended to undermine the uniqueness and distinctiveness of the DISCO DUST® brand, constituting trademark dilution under the laws of the state of Connecticut.

67. SUNFLOWER's acts of trademark dilution entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by SUNFLOWER on its sales of Infringing Products in connection with which SUNFLOWER uses the DISCO DUST mark to associate the Infringing Product with the DISCO DUST® brand.

68. The acts of SUNFLOWER have been malicious and calculated to injure CAI.

69. The willful, wanton and malicious nature of SUNFLOWER's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

70. SUNFLOWER's dilution of the DISCO DUST® brand is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

71. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

72. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and permanent injunctive relieve to prevent SUNFLOWER's continuing trademark dilution.

## COUNT V: COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION

73. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

74. The foregoing acts of SUNFLOWER infringed upon the DISCO DUST® brand, caused

dilution of the distinctive quality of the DISCO DUST® brand, and are intended to undermine the uniqueness and distinctiveness of the DISCO DUST® and intended to result in substantial damage to the goodwill and consumer reputation of the DISCO DUST® brand, as such, the foregoing acts constitute unfair competition and misappropriation of CAI's goodwill under the laws of the state of Connecticut and other states.

75. Sunflower's foregoing acts constitute a misappropriation of Plaintiff's mark and brand in a manner likely to cause confusion in the public mind between Plaintiff's business and that of Sunflower, likely resulting in confusion, deception, and mistake on the part of the ordinary consumer exercising reasonable care.

76. SUNFLOWER's acts of unfair competition and misappropriation entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by SUNFLOWER's on its sales of Infringing Products in connection with which SUNFLOWER's uses the DISCO DUST brand.

77. The acts of SUNFLOWER's have been malicious and calculated to injure CAI.

78. The willful, wanton and malicious nature of SUNFLOWER's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

79. SUNFLOWER's infringement of the DISCO DUST® brand is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

80. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

81. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and permanent injunctive relieve to prevent SUNFLOWER's continuing unfair competition.

### COUNT VI: UNFAIR COMPETITION AND TRADE PRACTICES UNDER THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

82. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

83. By engaging in the acts alleged above relating to its infringement of CAI's rights in the DISCO DUST mark, Defendant has engaged in conduct that is offensive to public policy, governing statutes, common law principles, and/or established concepts of fairness, is immoral, unethical and/or unscrupulous, and that has caused substantial injury to consumers and CAI, which is SUNFLOWER's direct competitor, an injury that neither consumers nor CAI could reasonably have avoided. Defendant committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

84. SUNFLOWER's conduct amounts to a violation of the Connecticut Unfair Trade Practices Act, Conn, Gen. Stat. § 42-110a, et seq, and has resulted in both actual damage and ascertainable loss to CAI, as well as irreparable harm.

85. Upon information and belief, the complained of activities were undertaken by SUNFLOWER in disregard of CAI's rights and of the law.

86. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and SUNFLOWER's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

**COUNT VII: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

87. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

88. SUNFLOWER has made unsubstantiated and false statements to a purchaser of DISCO DUST® brand products sold by CAI. The statements to the purchaser included the following: "My dear don't buy cheap imitation Disco Dust by CAI. The user "czerczam" is selling glitter that is made in CHINA and passing it off as a trademarked "Disco Dust" product. We've reported him to the FDA and you should be aware of this. Thank You.ReplyGet to know

sunflowersugarartusa Located: Indian River Shores, FL, United States  Member since: Mar. 24, 2015  Positive Feedback: 99.8%."

89. The above mentioned statements by SUNFLOWER represent tortious interferences with business relationships between CAI and its customers.

90. CAI has been damaged by SUNFLOWER's acts of tortious interferences with business relationships in amount that is unknown and cannot at the present time be ascertained and will continue to cause damage and injury to CAI unless enjoined by this Court.

91. Upon information and belief, the complained-of activities were undertaken by SUNFLOWER in disregard of CAI's rights and of the law.

92. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and SUNFLOWER's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at all.

## COUNT VIII: BUSINESS DISPARAGEMENT/TRADE LIBEL

93. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

94. SUNFLOWER intentionally published communications to CAI's customers containing several false statements and misrepresentations constituting business disparagement.

95. Upon information and belief, SUNFLOWER intentionally published communications to potential customers of CAI filled with false statements and misrepresentations, impugning the basic integrity of Plaintiff's business and goods in a manner calculated to interfere with or prevent Plaintiff from entering into business relationships.

96. Each of the statements was false, unprivileged, and injured CAI's reputation by diminishing the esteem, respect, goodwill and confidence in which CAI is held and by excited adverse, derogatory and unpleasant feelings or opinions against CAI and caused CAI to lose

business.

97. The implication of the communications is that CAI is unethical and acting illegally.

98. SUNFLOWER made these statements with knowledge or reckless disregard of the falsity of the matter and at a minimum made them negligently all with regard to CAI. Such statements constitute business disparagement or trade libel.

99. The natural and proximate consequence of these statements necessarily caused injury to CAI in its business.

100. Upon information and belief, the complained of activities were undertaken by SUNFLOWER in disregard of CAI's rights and of the law.

101. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and SUNFLOWER's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at all.

### COUNT IX: USE OF A FICTITIOUS BUSINESS NAMEAS AN UNFAIR TRADE PRACTICE IN VIOLATION OF CONN. GEN. STAT. § 35-1(a)

102. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

103. Hoping to capitalize on a typographical error of the word "confectionery" in CAI's company name contained in U.S. Trademark Registration No. 4,089,733, SUNFLOWER has made a claim, since abandoned, that CAI is not the owner of U.S. Trademark Registration No. 4,089,733.

104. In furtherance of SUNFLOWER's now-abandoned claim of non-ownership of U.S. Trademark Registration No. 4,089,733, SUNFLOWER formed and registered a corporation in Connecticut under the name of "Confectionary Arts International, LLC," on January 25, 2017, two days after SUNFLOWER filed a cancellation action in the United States Patent and

Trademark Office based in part on its non-ownership claim.

105. Upon information and belief, "Confectionary Arts International, LLC" lists a registered business address which is the same as SUNFLOWER's registered business address, 6001 Highway A1A, Indian River Shores, Florida 32963.

106. Confectionary Arts International LLC has no claim of ownership over U.S. Trademark Registration No. 4,089,733.

107. Upon information and belief, "Confectionary Arts International, LLC" was formed by SUNFLOWER under the direction of its principal.

108. "Confectionary Arts International, LLC" is a corporation formed under a fictitious and assumed name for the sole purpose of making a false claim of ownership over U.S. Trademark Registration No. 4,089,733 and to confuse and deceive consumers and the United States Patent and Trademark Office as to the ownership of the aforementioned trademark registration for DISCO DUST.

109. SUNFLOWER's transaction of business in Connecticut under the fictitious name "Confectionary Arts International, LLC" constitutes a violation of Conn. Gen. Stat. § 35-1 and is therefore deemed an unfair and deceptive trade practice under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a).

110. SUNFLOWER's transaction of business under the fictitious trade name "Confectionary Arts International, LLC" was an immoral, unethical and unscrupulous attempt to surreptitiously deceive consumers as to the origin of CAI's goods and to deceive consumers and both state and federal government agencies as to the ownership of the DISCO DUST mark.

111. SUNFLOWER's conduct in this regard has caused CAI ascertainable loss in the time, effort and expenditure CAI has made in seeking to make clear that "Confectionary Arts

International, LLC" is a fictitious company and in protecting its rights in the DISCO DUST mark from SUNFLOWER's misappropriation due to its deceptive practice in forming "Confectionary Arts International, LLC."

112.    CAI's injury in relation to SUNFLOWER's transaction of business under the fictitious name "Confectionary Arts International, LLC" could not have reasonably been avoided and has caused substantial injury to CAI.

## PRAYER

WHEREFORE, Plaintiffs pray that:

A. SUNFLOWER be held liable under each claim for relief as set forth in this Complaint.

B. Preliminarily and permanently enjoining SUNFLOWER, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the DISCO DUST® brand, DISCO DUST, or any device confusingly similar thereto or dilutive thereof, and from using, affixing, offering for sale, advertising, promoting cookies in the configuration currently used for the Infringing Product or any configuration substantially similar thereto;

C. Preliminarily and permanently enjoining SUNFLOWER, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using any false descriptions or representations, or any false designation of origin, or from otherwise committing any acts of unfair competition in connection with the DISCO DUST® brand.

D. Preliminarily and permanently enjoining SUNFLOWER, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees,

and attorneys and those persons in active concert or participation with them from diluting the DISCO DUST® brand.

E. Awarding CAI damages, including, inter alia, disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S. C. § 1117(b);

F. SUNFLOWER be required to pay to CAI its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

G. SUNFLOWER be required to pay to CAI the costs of this action.

H. Awarding CAI any such other and further relief as the Court deems just and proper given the facts and the circumstances herein.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CAI hereby demands trial by jury in this action of all issues triable by jury.

This 22nd day of November, 2017.

> Respectfully submitted,
>
> /s/ Nike V. Agman
>
> Nike V. Agman, Bar No. ct28172
> Law Office of Nike V. Agman
> 360 Bloomfield Avenue, Suite 301
> Windsor, CT 06095
> Tel. 860-607-3237
> Fax. 860 607-3201
> nike.agman@comcast.net
>
> Daniel R. Cooper, Bar No. ct30240
> Cooper & Kurz
> 170 Eden Road
> Stamford, CT 06907

Tel. 203-322-4852
Fax. 203-329-7881
kurzcooper@att.net

*Attorneys for Plaintiff Confectionery Arts International, LLC*

Case 3:17-cv-00108-AVC   Document 16-1   Filed 11/22/17   Page 18 of 18