UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Confectionery Arts International, LLC,        ) | |
| )                                   | |
| Plaintiff                            ) | |
| )                                   | |
| v.                                        ) | |
| )                                   | Civil Action No. 3:17-cv-00108 (AVC) |
| Sunflower Sugar Art USA, Inc.          ) | |
| )                                   | |
| Defendant.                       ) | |
| )                                   | March 13, 2018 |

**26(f) REPORT OF PARTIES' PLANNING MEETING**

<u>Date Complaint Filed:</u> January 25, 2017

<u>Date Complaint Served:</u> March 24, 2017

<u>Date of Defendant's Appearance:</u> July 19, 2017

<u>Date Defendant's Answer Filed:</u>  July 19, 2017

<u>Date Amended Complaint Filed:</u> March 5, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 8, 2018.  The participants were: Nike V. Agman and Daniel R. Cooper for Plaintiff Confectionery Arts International, LLC; Brian Lehman for Defendant Sunflower Sugar Art USA, Inc.

**I.     CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, federal question under the Lanham Act, 15 U.S.C. § 1501 et seq., and 28 U.S.C. § 1367, supplemental jurisdiction for the remaining state and common law counts.

### B. Personal Jurisdiction

Plaintiff:

The exercise of personal jurisdiction by this Court over Defendant is proper under Connecticut's Long-Arm Statute, Conn. Gen. Stat. § 33-929(f)(3), because the causes of action arise out of Defendant's production, manufacture or distribution of goods with the reasonable expectation that such goods were to be used or consumed in this state and were so used or consumed. Defendant's unauthorized use in commerce of the mark DISCO DUST on goods produced, manufactured and distributed by it has caused injury to Plaintiff, a Connecticut citizen, and owner of the federally registered mark DISCO DUST®. Defendant, as a wholesaler and retailer that advertises and sells its products through multiple online retail venues, including at least its website, www. sunflowersugarart.com, amazon.com and EBay, should have reasonable expectation that its goods, including those advertised and sold without Plaintiff's authority under the name DISCO DUST, are to be used and consumed in Connecticut.

The exercise of personal jurisdiction by this Court over Defendant is also proper under Conn. Gen. Stat. § 33-929(f)(4) because of Defendant's continued tortious conduct within the state of Connecticut. At least as early as January 2017, Defendant targeted Plaintiff with the

intent of "destroy[ing]" Plaintiff's reputation," which actions included approaching Plaintiff's customers telling them not to "buy cheap imitation Disco Dust by CAI" because Plaintiff was "selling glitter that is made in CHINA and passing it off as a trademarked 'Disco Dust' product." Furthermore, Defendant, after arguing before the Trademark Trial and Appeal Board in its Petition to Cancel No. 92065336 that Plaintiff's DISCO DUST® mark was registered to "a legal non-entity that had no standing to conduct any business" because of a typographical error in the application, set up a "dummy corporation" (i.e. a fictitious corporation) in Connecticut under the name "Confectionary Arts International LLC" to fraudulently take ownership of the Plaintiff's mark. Defendant has thus availed itself of the laws of the State of Connecticut for the purpose of setting up its dummy corporation.

<u>Defendant:</u>

Defendant reserves the right to defend itself on summary judgment or a trial by asserting that the Court lacks personal jurisdiction under Connecticut's long-arm statue or the Constitution.

### C. Consolidation

Pursuant to Fed. R. Civ. P. 42(a), Defendant contends that this action should be consolidated with *Confectionery Arts International, LLC v. CK Products LLC et al.*, No. 16 Civ. 02015, a case presided over by the Honorable Janet Bond Arterton.  The defendant in that first-filed case intends to file a motion for consolidation by March 19, 2018, which Defendant Sunflower Sugar Art USA, Inc. will join and/or file its own motion with this Court.

### III.    BRIEF DESCRIPTION OF CASE

### A.  Claims of Plaintiff:

Plaintiff Confectionery Arts International, LLC has brought this action against Defendant

Sunflower Sugar Art USA, Inc. for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et. seq.*, unfair trade practices pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*, and/or Connecticut common law, tortious interference with business relations and business disparagement (trade libel) under Connecticut common law.  Plaintiff's claims arise out of Defendant's infringement of Plaintiff's registered trademark for DISCO DUST® and its registered trademark for its company name, CONFECTIONERY ARTS INTERNATIONAL®. The following are Plaintiff's claims:

- Defendant has knowingly, intentionally, willfully and deliberately infringed Plaintiff's federally registered trademark by using in commerce the mark DISCO DUST in connection with the sale, distribution and advertising of commercially related goods in a manner likely to cause confusion with Plaintiff's registered mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a), and constituting trademark infringement under the common laws of the State of Connecticut.

- Defendant has willfully sought to trade on the reputation of the DISCO DUST® products by creating the false and misleading impression that the Infringing Product is associated or connected with Plaintiff's DISCO DUST® brand and Plaintiff or has the sponsorship or approval of Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) .

- Defendant's deliberate, willful and intentional unauthorized use in commerce of Plaintiff's DISCO DUST® mark caused dilution of the distinctive quality of the DISCO DUST® brand and are intended to undermine the uniqueness and distinctiveness of the DISCO DUST® brand, constituting trademark dilution under the laws of the state of Connecticut.

- Defendant's deliberate, willful and intentional unauthorized use in commerce of

Plaintiff's DISCO DUST® mark are intended to result in substantial damage to the goodwill and consumer reputation of the DISCO DUST® brand, constituting unfair competition and misappropriation of Plaintiff's goodwill under the laws of the state of Connecticut and other states.

- Defendant's deliberate, willful and intentional unauthorized use of Plaintiff's DISCO DUST® mark and use of its DISCO GLITTER mark constitute commercial conduct that is offensive to public policy and traditional concepts of fairness, is unethical or unscrupulous, and has caused injury to both consumers and Plaintiff, in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a.

- Defendant's unsubstantiated and false statements to a purchaser of Plaintiff's DISCO DUST® brand products, made with knowledge or reckless disregard of the falsity of the matter, constitute tortious interference with business relations, business disparagement, and trade libel.

- Defendant formed "Confectionary Arts International, LLC" under a fictitious and assumed name in the State of Connecticut, capitalizing on a typographical error of the word "confectionery" in Plaintiff's DISCO DUST® U.S. Trademark Registration, for the sole purpose of making a false claim of ownership over Plaintiff's trademark, in violation of Conn. Gen. Stat. § 35-1 and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a).

Pursuant to 15 U.S.C. § 1116(a) Plaintiff seeks preliminary and permanent injunctive relief to prevent Defendant's continued use of the DISCO DUST mark in commerce.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff seeks damages, an accounting of profits made by Defendant's use, and recovery of Plaintiff's costs of this action.  As the intentional use of the confusingly similar DISCO DUST mark makes this an exceptional case, Plaintiff further seeks an award of three

times its actual damages and recovery of its reasonable attorneys' fees.  Plaintiff additionally seeks prejudgment interest on its recovery.

**B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant:**

In Defendant's Answer, Defendant asserted, *inter alia*, the following defenses the complaint should be dismissed for lack or personal jurisdiction or the action should be transferred on the basis of improper venue, Defendants deny plaintiff has sustained any damage, deny the nature and extent of damage (if any) and deny they caused plaintiff to sustain any damage, the claims are barred in whole or in part by the applicable statutes of limitation, Plaintiff is infringing  Defendant's trademarks under federal and common law, Plaintiff has no protectible interest in the mark "Disco Dust," Plaintiff's claims are barred by the doctrine of unclean hands.  Plaintiff's claims are barred by the doctrine of laches, Plaintiff's claims are barred by the doctrine of acquiescence, and Plaintiff's claims are barred by the doctrine of waiver.  Plaintiff has also asserted counterclaims for:  (1) declaratory judgment of non-infringement, (2) trademark infringement under Florida common law, (3) unfair competition under Florida law, and (4) flase designation of origin and unfair competition under federal law.

**IV.   STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- Confectionery Arts International, LLC is the current owner of U.S.P.T.O. Reg. No. 4,089,733, registered on Jan. 24, 2012.

- Confectionery Arts International, LLC is the current owner of U.S.P.T.O. Reg. No. 4,263,560, registered on Dec. 25, 2012.

6

**V.     CASE MANAGEMENT PLAN:**

**A. Initial Disclosures**

Initial disclosures will be served by March 27, 2018.

**B. Scheduling Conference**

The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C. Early Settlement Conference**

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  The parties have begun settlement discussions through their respective counsel.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff should be allowed until May 13, 2018 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.     Defendant should be allowed until May 13, 2018 to file motions to join additional parties and until June 3, 2018 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

a.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

b.     The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's anticipated subjects of discovery:

- Defendant's use of the DISCO DUST mark

- Defendant's sales of DISCO DUST products

- Defendant's advertising and commercial promotion in connection with its use of the DISCO DUST mark

- Defendant's communications with other vendors and businesses in the industry in connection with the DISCO DUST mark

- Defendant's communications with Plaintiff's customers in connection with the DISCO DUST mark

- Actual confusion of third party consumers as to the origin of Defendant's DISCO DUST products

- Profits and revenue from the sale of Defendant's DISCO DUST mark

Defendant's anticipated subjects of discovery:

- Defendant anticipates the same subjects of discovery as well as Plaintiff's first use of the contested mark.

      c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 27, 2018 and completed (not propounded) by November 15, 2018.

      d.      Discovery will be conducted in phases in that expert discovery will begin upon completion of fact discovery.

      e.      Fact discovery will be completed by June 15, 2018.

      f.      The parties anticipate that the Plaintiff will require no more than a total of fifteen (15) depositions of fact witnesses and that the Defendant will require no more than a total of fifteen (15) depositions of fact witnesses. The depositions will commence by March 27, 2018 and be completed by June 15, 2018.

      g.      The parties will not request permission to serve more than 25 interrogatories.

      h.      Plaintiff intends to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

      i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by August 15, 2018.  Depositions of any such experts will be completed by September 15, 2018.

      j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by October 15, 2018.   Depositions of such experts will be completed by November 15, 2018.

      k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 15, 2018.

l.       Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody and control related to the discovery issues listed above in Paragraph V.E.  Counsel for the parties will confer in response to specific discovery requests regarding the form in which electronically stored information will be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information.  Unless the parties agree otherwise, and unless warranted by the special request of one party upon the others, each of the parties shall cover its own discovery expenses.

Pursuant to D. Conn. L. Civ. R. 26(e), the parties stipulate to dispense with the privilege log requirement but reserve the right to request a privilege log, as necessary.

Unless the parties agree otherwise, Plaintiff requests that electronic files shall be

converted to single-page Group IV .TIF image files, named the same as the Bates production number endorsed on each image. Excel spreadsheets, audio and video files shall be produced in native format with a single .TIF placeholder page indicating that the file is being produced in native format and shall be named the same as the Bates number endorsed on the placeholder page.

Plaintiff further requests that e-mail shall be produced together with all attachments and that family relationships shall be reflected in proper coding fields. Lesser inclusive portions of e-mail threads or conversations may be excluded from production. A lesser inclusive portion is any responsive e-mail file the contents of which are entirely included in a produced e-mail file.

Defendant will need to consult with the selected discovery vendor to respond to Plaintiff's request but otherwise affirms that Defendant will seek to meet the requests made by Plaintiff when not unduly burdensome.

m.  Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

Unless the parties agree otherwise, Plaintiff requests that paper documents be scanned as 300 dpi single-page Group IV .TIF image files, named the same as the sequential Bates production number endorsed on each image. The imaged files shall be OCRed and text files shall be provided and named the same as the Bates number of the first page of the document.

Paper documents shall be preserved and produced in the manner in which they are maintained. Start and end points, as well as family relationships to the extent they exist and are known, shall be reflected in proper coding fields, to the extent these can be extracted without

additional expense.

n.     Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

The parties shall agree upon and adhere to a two-tiered protective order fully detailing the procedure for asserting claims of privilege after production, under which the parties shall retain the opportunity to challenge privilege designation by filing with the court.

### F. Other Scheduling Issues

The parties do not currently foresee any other scheduling issues pertinent to this case.

### G. Summary Judgment Motions:

Summary Judgment motions, which must comply with Local Rule 56, will be filed on or before August 1, 2018.

### H. Joint Trial Memorandum

The joint trial memorandum will be filed thirty (30) days after ruling on Summary Judgment and other dispositive motions, or as otherwise ordered by the Court.

## VI.    TRIAL READINESS

The case will be ready for trial by December 15, 2018.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action

| | |
|---|---|
| PLAINTIFF CONFECTIONERY ARTS INTERNATIONAL, LLC | DEFENDANT SUNFLOWER SUGAR ART USA, INC. |
| BY: /s/Nike V. Agman | BY: /s/Brian Lehman |
| Nike V. Agman, Bar No. ct28172<br>Law Office of Nike V. Agman<br>360 Bloomfield Avenue, Suite 301<br>Windsor, CT 06095<br>Tel: (860) 607-3237<br>Fax: (860) 607-3201<br>nike.agman@comcast.net | Brian Lehman, Bar No. ct422718<br>Lehman LG LLC<br>244 5th Ave. Suite B258<br>New York, NY 10001<br>Pro Hac Vice Motion to be Filed |
| Daniel R. Cooper, Bar No. ct30240<br>Cooper & Kurz<br>170 Eden Road<br>Stamford, CT 06907<br>Tel: (203) 322-4852<br>Fax: (203) 329-7881<br>kurzcooper@att.net | Kathryn R. Sylvester,<br>L.O. of Kathryn R. Sylvester, L.L.C.<br>P.O. Box 5076<br>Woodbridge, CT 06525 |