**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONFECTIONERY ARTS INTERNATIONAL, LLC,<br>                    Plaintiff<br><br>                v.<br><br>SUNFLOWER SUGAR ART USA, INC., ET AL,<br>                    Defendants | Civil Action No.: 3:17-cv-00108-AVC |

**<u>MEMORANDUM IN SUPPORT OF</u>**
**<u>JOINT MOTION TO MODIFY MARCH 14, 2018 SCHEDULING ORDER</u>**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause exists here because due to Defendant's change in counsel, and to the dilatory actions of Defendant's former lead attorney, more time is needed for the Parties to collaboratively sort out remaining discovery issues and ensure an orderly production and completion of fact discovery.

On March 14, 2018, this Court entered a Scheduling Order following the Parties' submission of their Rule 26(f) Report with the following relevant deadlines:

- Discovery due on or before 6/15/2018

- Dispositive Motions due on or before 8/1/2018

- Trial Brief due on or before 11/15/2018

- Trial Ready Date 12/14/2018.

On June 13, 2018, in response to an email from Plaintiff about the status of the draft protective order, Defendant's former lead attorney, Brian Lehman, informed Plaintiff that he intended to end his legal practice and that Defendant would be retaining new counsel.[1]  At the time of Mr. Lehman's announcement, Plaintiff was also awaiting Defendant's answer to its Amended Complaint, Defendant's Initial Disclosures, and Defendant's responses to Plaintiff's discovery requests.[2]  In addition, Defendant had not yet served any discovery requests on Plaintiff nor informed Plaintiff of the format in which Plaintiff should produce the documents and things it intended to rely upon.

On June 27, 2018, Defendant's new attorneys made their appearances. The Parties have been in contact through counsel since, have met and conferred about the status of the case and have jointly arrived at the following proposed pretrial schedule:

- Fact Discovery to Be Completed by 9/26/18

- Dispositive Motions Due by 10/29/18

- Expert Discovery to Be Completed by 2/9/19

- Damages Analysis Due by 11/10/18

- Expert Disclosures (burden of proof) Due by 11/10/18

- Depositions of Experts (burden of proof) Completed by 12/10/18

- Expert Disclosures (non-burden) Due by 1/9/19

---

[1] Although Mr. Lehman had not filed an appearance with the Court, he operated as lead counsel and Plaintiff's counsel had never once spoken to Defendant's counsel of record, Kathryn Sylvester, whose motion to withdraw was granted by the Court on July 2, 2018.
[2] Plaintiff filed a Motion for Telephonic Conference with the Court on June 15, 2018 explaining the circumstances of Mr. Lehman's withdrawal and the status of discovery.

- Depositions of Experts (non-burden) Completed by 2/9/19

- Trial Ready Date – 3/14/19.

The Parties have further agreed that a protective order is appropriate given that they are direct competitors and required discovery covers both confidential information and trade secrets.

In addition, the Parties are simultaneously litigating a Cancellation Proceeding before the Trademark Trial and Appeal Board ("TTAB"), No. 92065334 and even though Defendant (TTAB Petitioner) is represented by different counsel in that proceeding, the two actions concern Plaintiff's (TTAB Respondent's) U.S. Trademark Registration, No. 4,089,733.  The Parties anticipate that a portion of the production in both proceedings will overlap.  The relevant deadlines in the TTAB proceeding are as follows:

- Discovery Closes 9/26/2018

- Plaintiff's Pretrial Disclosures Due 11/10/2018

- Plaintiff's 30-day Trial Period Ends 12/25/2018

- Defendant's Pretrial Disclosures Due 1/9/2019

- Defendant's 30-day Trial Period Ends 2/23/2019.

The Parties' joint proposed modified schedule will ensure that the Court will have before it an appropriately complete factual record on which to decide the important issues in this case.  It will allow the Parties sufficient time to move for a protective order for the purposes of document production and expert discovery.  It will also allow Defendant sufficient time to complete its discovery and respond to Plaintiff's discovery requests, now that Defendant's attorneys

have had proper opportunity to understand the issues at bar and to meaningfully represent their client.  Furthermore, the modification of the scheduling order would do much to place the proceeding in this case on a near-parallel track with the proceeding before the TTAB, saving the Parties the expense of maintaining prolonged discovery databases.

As the Parties have jointly moved the Court for this modification of the scheduling order, the Court should find that neither party will be prejudiced by such an extension and as there is good cause, the Court should grant the Parties' Joint Motion to Modify the March 14, 2018 Scheduling Order.

Dated:        July 30, 2018                    Respectfully Submitted,

s/Nike V. Agman                              /s/ N. Kane Bennett
Nike V. Agman, Bar No. ct28172               N. Kane Bennett ct20988
Law Office of Nike V. Agman                  Aeton Law Partners LLP
360 Bloomfield Avenue, Suite 301             101 Centerpoint Drive, Suite 105
Windsor, CT 06095                            Middletown, CT 06457
Tel: (860) 607-3237                          T: (860) 724-2163
Fax: (860) 607-3201                          F: (860) 724-2161
nike.agman@comcast.net                       nkb@aetonlaw.com
                                                  *Attorneys for Defendant,*
                                             *Sunflower Sugar Art USA, Inc.*
/s/Daniel R. Cooper
Daniel R. Cooper, Bar No. ct30240
Cooper & Kurz
170 Eden Road
Stamford, CT 06907
Tel: (203) 3224852
Fax: (203) 329-7881
kurzcooper@att.net
        *Attorneys for Plaintiff,*
*Confectionery Arts International LLC*